John F. Mower, to the use of Samuel T. Mower, Appellee, *v.* The Reverting Fund Assurance Association, Appellant.

*Set-off—Joint debt—Separate claim.*

A joint debt cannot be set off against one of a separate nature, and the fact that the joint debt has been reduced to judgment is immaterial, as the nature of the debt is not changed by such reduction to judgment.

*Policy of insurance—Clause forbidding assignment.*

A defense that a clause of the policy forbids an assignment is unavailing, (1) where the legal plaintiff is the beneficiary, as it does not concern the defendant that the suit is marked to use, (2) where the claim sued for has fully matured before the assignment.

Argued Dec. 17, 1895. Appeal, No. 36, Nov. T., 1895, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1895, No. 126, for want of sufficient affidavit of defense. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Affirmed.

Assumpsit to recover on a policy of insurance the pro rata share in a reverting fund which had matured. Judgment entered for want of a sufficient affidavit of defense for $71.81.

From the statement and affidavit the following facts appear:

On August 26, 1890, The Reverting Fund Assurance Association issued a policy of assurance for $1,000 upon the life of John F. Mower, payable in case of his death to Katie E. Mower.

This policy likewise entitled the assured, his heirs or assigns, to his pro rata share of the reverting fund accumulations according to the amount of his policy and the time it should have been in force, if, at the expiration of the reverting fund period to which his policy belonged, he should not have forfeited his assurance by lapse or death. The reverting fund period expired September 1, 1895, and the policy had not lapsed, and which period the said John F. Mower survived, and the interest of said insured in said Reverting Fund under said policy was $71.81.

On September 2, 1895, the said John F. Mower and Kate E. Mower assigned, in writing, to Samuel T. Mower, all their "right, title, interest and demand in and to the same or arising out of the same," and giving to the said Samuel T. Mower "full power to demand and receive whatsoever is now due or shall hereafter become due upon, under or by virtue of said policy of insurance," in consideration of $515.26 owing by John F. Mower to Samuel T. Mower upon a promissory note dated May 29, 1893, for one year, with interest.

On September 20, 1895, John F. Mower, to the use of Samuel T. Mower, began an action of assumpsit in court of common pleas, No. 1 of Philadelphia county, as of September term, 1895, No. 126, for the amount which said policy was entitled to from said reverting fund.

The defendant company filed its affidavit of defense on October 8, 1895, claiming to have a just, true, full and legal defense to all and every part of the plaintiff's claim of the following nature and character : That the said John F. Mower and Catharine E. Mower (being the same person mentioned in plaintiff's statement as Kate E. Mower) were, on October 23, 1889, indebted to the defendant company in the sum of $1,200, and did execute and deliver to said company their bond, obligating themselves to pay said sum at the expiration of three years, with interest thereon, to be paid half yearly, at the rate of four per cent per annum ; that ever since the execution of the said bond the said John F. Mower and Catharine E. Mower had continued to be and then were indebted to the said defendant company in the amount thereof, together with interest, for the penalty therein named, viz, $2,400, and that said judgment was in full force and effect · that one of the conditions of said policy was, that

it could not be assigned except by permission of the secretary of the company, subscribed under his hand to such assignment, and that no such permission had ever been asked or granted to such assignment.

*Errors assigned* were (1, 2) in making absolute rule for judgment for want of a sufficient affidavit of defense ; and in entering judgment in favor of plaintiff.

*Edward W. Kuhlemeier, Robert S. Clymer* with him, for appellant.—The fact that the amount due upon the bond was reduced to judgment does not affect the question involved, as it has been held " that a judgment may be set off against a demand not ascertained by judgment: " Metzgar v. Metzgar, 1 Rawle, 227 ; Bell v. Cowgell, 1 Ashmead, 7 ; Galloney's Appeal, 6 Pa. 37.

Therefore the assignment placed Samuel T. Mower in the position of an assignee of a chose in action, and under the decisions in Pennsylvania he took subject to all equities which the debtor might have concerning his defense.  One of which equities is the right of set-off: Rider v. Johnson, 20 Pa. 190 ; Keagy v. Comm., 43 Pa. 70 ; Wetter v. Kiley, 95 Pa. 465 ; 22 Am. & Eng. Ency. of Law, 299.

*A. E. Stockwell,* for appellee.—To a claim due to either husband or wife singly, a debt due by them jointly cannot be set off : Bentz v. Bentz, 95 Pa. 216 ; 7 Wait's Actions and Defenses, 490 ; 22 Am. & Eng. Ency. of Law, 315–319 ; Morris v. Booth & Wife, 8 Ala. 907 ; see also McDowell & Tyson, 14 S. & R. 300.

It is familiar law that when a policy admits fairly of two constructions, that most favorable to the assured and those claiming under him will be adopted: Ins. Co. v. Berger, 42 Pa. 285 ; Ins. Co. v. O'Maley, 82 Pa. 400 ; Ins. Co. v. Mund, 102 Pa. 89 ; Grandin v. Ins. Co., 107 Pa. 26.

But what is conclusive of this point is that the condition against the assignment of the claim in suit does not apply.

" The assignment of the policy, after the loss, is not within the condition of the policy against assignment, because the relation of insurer and insured is changed to that of debtor and

creditor, and the consent of the company is not required : " Ins. Co. v. Dunham, 117 Pa. 460, 473; Ins. Co. v. Helfenstein, 40 Pa. 289, 300; Wood on Ins., § 99.

Loss and maturity are the same in legal effect.

OPINION BY WICKHAM, J., January 20, 1896 :

Two defenses were presented by the defendant's affidavit. The first was, that the defendant had held the joint bond of John F. Mower and Catharine E., his wife, for $1,200, on which judgment had been entered before this suit was brought, and that the right existed to set off this judgment against the plaintiff's claim.

As the proposed set-off does not fall within any recognized exception to the well known general rule, that a joint debt cannot be set off against one of a separate nature, it was properly disallowed by the court below: 8 Bacon's Abr. (Am. ed. 1845, notes by Bouvier) 646–649; 1 Lindley on Part. (Am. ed. by Rapalje) 498; 1 T. & H. Prac. (5th ed.) 299; McDowell v. Tyson et al., 14 S. & R. 299. "When the defendant, sued by a single plaintiff, sets off a debt claimed to be due him jointly by the plaintiff and a third party, in this case the set-off cannot be permitted as the defendant could not have maintained a suit against the plaintiff, on the debt: " 2 Whart. on Contracts, sec. 1021.

The nature of a debt is not changed by reducing it to judgment: Bell v. Cowgell, 1 Ash. 7; Baskerville v. Brown, 2 Burr. 1229.

The second defense is based on a provision in the policy sued on, forbidding the assignment of the policy without the consent of the secretary of the association. This defense is unavailable for two reasons: first, because the legal plaintiff is the beneficiary, John F. Mower. It does not concern the defendant that the suit is marked to use. Second, the claim sued for had fully matured before the assignment to Samuel L. Mower. It therefore became a debt and was no longer subject to the restriction in the policy: Insurance Co. v. Dunham, 117 Pa. 460.

Judgment affirmed