### NATIONAL LIFE & ACCIDENT INS. CO. v. LUCAS FUNERAL HOME.

No. 13286.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 20, 1935.

Rehearing Denied Jan. 17, 1936.

A. W. Christian, of Fort Worth, for appellant.

Mays & Mays, of Fort Worth, for appellee.

BROWN, Justice.

Appellee brought suit against the appellant in the county court at law No. 1 of Tarrant county, alleging, in substance, that appellant is a life insurance corporation, and that it had executed and delivered to one Dorris Hollingsworth an insurance policy in which one B. Hollingsworth was named as the beneficiary therein, which beneficiary was to be paid by reason of such contract of insurance upon the death of the insured a sum of money approximating $830; that the insured died while the policy was in force and the insurance company recognized the validity of the contract and paid the beneficiary the sum of approximately $810;

that, after the death of the insured and after the sum due on the policy had become a liquidated demand against the insurer, the beneficiary, B. Hollingsworth, contracted to pay appellee the sum of $456, same being the funeral expenses incident to the care and burial of the insured; that it was agreed by and between the beneficiary and appellee that appellee should collect the insurance policy and keep a sufficient amount of the proceeds to pay the obligation due it, and that the said beneficiary executed and delivered to appellee a written power of attorney, giving appellee full right, power, and authority to collect the proceeds of the said insurance policy for such purpose, and that, at the time of the delivery of the written power of attorney, executed by the beneficiary, the beneficiary orally agreed for appellee to take its debt out of the said proceeds; that, after such oral agreement and written power of attorney, appellee made known to the appellant insurance company the terms of the agreement and delivered to it the power of attorney executed to appellee by the beneficiary, and that thereafter the appellant insurance company, with such knowledge and such facts, paid the beneficiary the full amount due under the policy, and that the beneficiary had paid to appellee only the sum of $250 on said debt and was still indebted to appellee in the sum of $205; that the beneficiary is a nonresident of the state of Texas and is wholly insolvent and has no property in the state of Texas; and appellee prayed for judgment against appellant.

Appellant answered by a general demurrer and two special exceptions—the first being that any allegation with respect to oral agreements had with the beneficiary tend to vary the terms of the written instrument executed by the beneficiary to appellee by parol; and, second, that the allegation that notice of the assignment to appellee was given to appellant is insufficient because it fails to allege the time and manner of such notice and to whom the same was given.

Appellant answered by a general denial; admitted that it paid the amount of the policy to the beneficiary and pleaded specially as a defense two provisions of the policy—one being that it contains the entire agreement between the company and the insured, and the holder and owner of the policy; that its terms cannot be changed or its conditions varied except by written agreement signed by the president or secretary; that no other agent or employee should have power to make or alter contracts, waive forfeitures, or receive premiums on policies in arrears more than four weeks, or to receipt for such; and that all such arrears given to an agent or employee shall be at the risk of the person paying the same, and shall not be credited on the policy, whether receipted for or not; and specially pleaded the following: "Any assignment or pledge of this policy or of any of the benefits thereunder shall be void and of no effect."

Appellant further answered that appellee had actual knowledge of the policy provisions, and, if it did not have actual knowledge, yet it was bound by the terms of the policy, the benefits of which it claimed as an assignee.

Appellant alleged that none of the provisions of the policy was changed or waived by it, and that no notice of the purported assignment was given to the president or secretary or any executive official of appellant or to its home office; that the employees and representatives of appellant in Fort Worth have been at all times agents with limited authority, and attempted to set forth the limitation of such authority. Appellant pleaded that the purported assignment was void and of no force and effect because the beneficiary at the time of the execution was a married woman and was not divorced from her husband, and her husband had not joined in the assignment, and, further, that the instrument executed by the beneficiary was not an assignment, but a mere revocable power of attorney to collect the benefits of the policy, and did not constitute any notice of assignment.

The general demurrer and the two special exceptions were overruled, and appellant excepted to the action of the court.

The case was tried to the court, and, after a hearing, the court rendered judgment for appellee against appellant in the sum of $205, and from this judgment this appeal was taken.

There are some fourteen assignments of error, followed by six propositions. We do not consider it necessary, in the view that we take of this case, to discuss each of these assignments.

The overruling of the exception relating to the allegations of the oral

agreement had between the beneficiary and appellee, as being an attempt to vary the terms of the written power of attorney, was not error. In the first place, appellee pleaded that its contract with the beneficiary was partly oral and partly written, and it had the right to explain why the power of attorney to collect the proceeds of the insurance policy was given to it by the beneficiary. Furthermore, this was a matter concerning which the beneficiary only could make complaint, and the beneficiary is not made a party to this suit.

Appellant's insistence that the assignment by the beneficiary to appellee was void because it violated the terms of the insurance policy, which were pleaded by it and noted above, is not well taken, for the simple reason that such a provision, if binding, is intended solely for the purpose of binding the insured and not binding the beneficiary, and, when the policy becomes a liquidated demand, by reason of the death of the insured, the beneficiary is absolutely free to pledge, sell, or assign the beneficiary's interest therein.

Appellant insurer of necessity knew that the insured, being dead, must be prepared for burial and buried, and that this costs money, and, when appellee, whose very name discloses to the appellant that it was engaged in the business of preparing for burial and burying human bodies, delivered to appellant a power of attorney from the beneficiary named in the policy which insured the deceased, authorizing such funeral directors to collect the proceeds of the policy, appellant of necessity knew why this was done, and was put upon plain notice of the very purpose of the power of attorney. The mere fact that its agent and employee, who had the management of its Fort Worth office, attached no importance to the power of attorney, on the theory that it violated the provisions of the contract of insurance, does not alter the situation.

We believe that the evidence amply supports the findings of the trial court and the judgment rendered, and hold that, with the information given to its local representative in Fort Worth and having in its possession the power of attorney to collect the proceeds of the policy, it paid the proceeds thereof to the beneficiary wrongfully and at its peril.

The judgment of the trial court is affirmed.