# National Memorial Services, Inc., *v.* Metropolitan Life Insurance Company, Appellant.

Argued April 11, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*D. C. Jennings,* for appellant.

*Edward I. Roth,* with him *David M. Janavitz,* for appellee.

OPINION BY BALDRIGE, P. J., July 19, 1946:

Two industrial life insurance policies were issued by the Metropolitan Life Insurance Company, a New York corporation authorized to do business in Pennsylvania, on the life of George W. Campbell. Sarah Campbell, the wife of the insured, is named as beneficiary in one, and John G. Campbell, son of the insured, in the other. The insured died December 20, 1943. On that same day the beneficiaries assigned the proceeds of the policies as collateral security for the payment of promissory notes to William Sirlin, an undertaker. Two days thereafter Sirlin reassigned all his interest to the National Memorial Services, Inc., the plaintiff, and notice thereof was given to the defendant company, who refused a demand for payment. Suit in assumpsit was then brought. An affidavit of defense was filed, which raised a question of law as to the validity of the assignments. Following an adverse decision the defendant filed an affidavit of defense to the merits of the claim. Thereafter a rule for judgment for want of a sufficient affidavit of defense was made absolute. The only question raised in this appeal is whether the benefits due under the policies were assignable.

The paragraph that is in dispute reads as follows: "Assignability—This Policy may be assigned to any national bank, state bank, or trust company, but any assignment or pledge of this Policy or of any of its benefits to an assignee other than one of the foregoing shall be void. No assignment of this Policy shall be binding upon the Company unless and until it has been filed with the Company at its Home Office or one of its Head Offices. The Company assumes no obligation as to the validity or sufficiency of any assignment."

The appellant in its supplemental brief contends that the prohibiting of the assignment or pledging of this policy or of "any of its benefits" to an assignee other than a bank or trust company, embraces the benefits which accrue to the beneficiary after death, as well as to

those to which the insured is entitled. We cannot accept that construction. It is the assignment or pledge of the policy or any of its benefits *by the insured* that is prohibited except to a bank or trust company. Concededly, there are certain benefits which apply only to the insured, viz, the right to a cash surrender value, paid up whole life insurance, etc. Other benefits, known as "death benefits", accrue to the beneficiaries after the death of the insured. We can understand why an insurer would limit the right of the insured to assign his interests in a policy as otherwise some improvident or undesirable assignee might allow the policy to lapse for the nonpayment of premiums. But there seems to be no sound reason for the insurance company to forbid or limit an assignment by a beneficiary of the amount due him or her after the death of the insured. If the company had intended to thus restrict assignments, the language is not as clear and unambiguous as it should be. That purpose could have been readily expressed in plain and specific language.

Moreover, the general principles applicable to the interpretation of insurance policies further support our interpretation. Text writers and judicial decisions very generally recognize that stipulations in policies forbidding an assignment, except with the insurer's consent, apply only to assignments before loss or death of the insured or the maturity of the policy. An assignment of the policy or rights thereunder after the occurrence of the event, which creates the liability of the insurer, is not, therefore, precluded. Couch Encyclopedia of Insurance Laws, Vol. VI, §1459, p. 5275, states this principle in the following language: "After a loss has occurred, the right of the insured or his successor in interest to the indemnity provided in the policy becomes a fixed and vested right; it is an obligation or debt due from the insurer to the insured, subject only to such claims, demands, or defenses as the insurer would have been entitled to make against the original insured." This same

authority states, §1459, p. 5277: "As a matter of fact, a provision in a policy, prohibiting an assignment after loss has occurred, is generally regarded as void, in that it is against public policy so to restrict the relation of debtor and creditor by restricting or rendering subject to the control of the insurer an absolute right in the nature of a chose in action." See, also, Am. Jur., Insurance, §506, and Cooley's Briefs on Insurance, Vol. VII, pp. 6310, 6311, 6534.

In *Mower v. Reverting Fund Assurance Association*, 1 Pa. Superior Ct. 170, a defense was set up that the provision in the policy forbade the assignment without the consent of the association. We held that defense was unavailing because the claim sued for had fully matured before the assignment and thereupon became a debt which was no longer subject to the restrictions in the policy, citing *Insurance Company v. Dunham*, 117 Pa. 460, 12 A. 668.

A leading case is *The West Branch Insurance Company v. Helfenstein*, 40 Pa. 289. There the court held at page 300, that after a right of action has accrued no provision in the policy will prevent a subsequent assignment of the claim, as the right to receive the amount due under a policy becomes a chose in action and is assignable; that a provision to the contrary is null and void.

The great weight of authority in other jurisdictions supports the rule that general stipulations in policies prohibiting assignment thereof, except with the consent of the insurer, applies to assignments before loss only, and do not prevent an assignment after the insured's death: *Lain v. Metropolitan Life Insurance Company*, (Ill.), 58 N. E. 2d 587; *Geddes and Moss Undertaking Company v. Metropolitan Life Insurance Company*, (La.), 167 So. 209; *Metropolitan Life Insurance Company v. Brown*, (Tenn.), 160 S. W. 2d 434; *Williams v. Metropolitan Life Insurance Company*, (Mo.), 233 S. W. 248; *National Life and Accident Life Insurance Company v. Lucas Funeral Home*, (Tex.), 89 S. W. 2d 468.

Those cases are but some of which uphold the validity of assignments.

The appellants place considerable weight on *National Mutual Aid Society v. Lupold,* 101 Pa. 111. There the insured a few days after the issuance of the certificate of membership assigned it, without the approval of the company. The assignee after insured's death, claimed the amount of insurance named in the certificate. The court denied recovery because the policy prohibited an assignment of the certificate without written consent of the society, which was not obtained. Defendant there was a mutual society and its sole purpose was the protection of its members and the personal character of each member was an essential feature of the contract. The court held that the society had the unrestricted right of control of transfer of certificates, so that it would not create interests directly hostile to those of the regular membership, and that the society had a right to insist on this protection. Neither that case, nor the others cited by appellant, afford aid in deciding the case at hand.

Judgment is affirmed.