# Tetherow v. John Hancock Mutual Life Ins. Co.

*J. C. Welsh,* for plaintiff.

*O. B. Rhoads, White, Williams & Scott* and *H. R. Back,* for defendants.

HAGAN, P. J., April 19, 1960.—This action was instituted by a complaint in equity but was later certified to the law side of the court. The matter is now before us on the preliminary objections in the nature of a demurrer of defendant, Mariel L. Miller, to the complaint of Ruth M. Tetherow.

The complaint avers substantially as follows: That plaintiff is the widow of Carl M. Tetherow, who died March 8, 1959; that prior to his death, Tetherow was an employe of Armour and Company, and in that capacity he was the owner of certain certificates under group life insurance policies of the John Hancock Mutual Life Insurance Company and Metropolitan

Life Insurance Company; that on May 16, 1953, Tetherow delivered the certificates of life insurance to plaintiff, informing plaintiff at the time of delivery that he was giving her the certificates as an absolute gift, that he renounced the right to change the beneficiary, and that, in the event of his death, the proceeds would be payable to plaintiff; that by letters dated August 8, 1956, plaintiff notified John Hancock and Metropolitan of the gift; that on November 14, 1957, decedent, unknown to plaintiff, attempted to effect a change of beneficiary with respect to both certificates from plaintiff to Mariel L. Miller, one of defendants; that subsequent to Tetherow's death, Mariel L. Miller submitted the necessary forms of claim to defendant, Armour and Company, which, in turn, filed claims with both insurance companies for the purpose of obtaining the insurance benefits on behalf of Mariel L. Miller. The Metropolitan certificate, a copy of which is attached to the complaint, provides that "No assignment by the employee of his insurance under the Group Policy shall be valid". The John Hancock certificate, a copy of which is also attached to the complaint, provides that "This certificate is not assignable."

Defendant, Mariel L. Miller, filed preliminary objections in the nature of a demurrer to the complaint, averring that the alleged oral gift of the policies and certificates was invalid by reason of the provisions in the certificates forbidding assignment of the certificates of insurance.

Plaintiff argues that a life insurance policy can be the subject of a valid gift inter vivos, despite the fact that by its terms the policy is nonassignable. Plaintiff contends that the nonassignability clause is solely for the protection of the insurer, and that the insurer waived the benefit of this clause by paying the insurance proceeds into court.

Defendant, Mariel L. Miller, concedes that an insurance policy may be the subject of a valid gift inter vivos, but contends that the nonassignability clause is valid and prevents the alleged gift from being effective. She also denies that the payment of the proceeds into court by the insurance company waives any rights which the respective claimants to the insurance proceeds may have.

Plaintiff has cited a great many cases in support of her contention that the nonassignability clauses in the insurance certificates do not prevent the insured from making a valid gift of the policies. We have read these cases and find that most of them are not on point. Thus, Estate of Michael Diskin, 105 Pa. Superior Ct. 519, involved postal savings bonds; Connell's Estate, 282 Pa. 555, dealt with stock certificates; Hafer v. McKelvey, 23 Pa. Superior Ct. 202, dealt with a promissory note; Commonwealth v. Crompton, 137 Pa. 138, also dealt with a stock certificate; Estate of Joseph Wise, deceased—Appeal of Edward J. Wise, 182 Pa. 168, dealt with securities; Mothes' Estate, 29 Pa. Superior Ct. 462, also dealt with stock certificates. Hani v. Germania Life Insurance Company, 197 Pa. 276, did deal with an insurance policy and held that there may be a valid gift of an insurance policy by delivery of the policy. The question of a nonassignability clause, however, was not involved.

Plaintiff, however, does derive some support from the cases of The Insurance Company of Pennsylvania v. The Phoenix Insurance Company, 71 Pa. 31, and Scheid v. Storch, 271 Pa. 496. Thus, The Insurance Company of Pennsylvania case, supra, does say that a nonassignability clause in an insurance policy is for the benefit of the insurer and can be waived. In that case, however, the waiver was not by payment of the money into court, but by other affirmative conduct

waiving the defense prior to a court action. In the Scheid case, supra, the court held that an insurance company can waive the defense of failure to assign a policy in accordance with its terms, and that the payment of the money into court amounted to a waiver of the defense. The court further held that the delivery of the policy under the facts of that case amounted to an equitable assignment.

On the other hand, in the case of National Mutual Aid Society v. Lupold, 101 Pa. 111, it was held that where the certificate of membership in a Mutual Aid Society (which was there held to be an insurance company) provided that the certificate could not be assigned without the consent of the company, a written assignment without such consent was invalid and the named beneficiary was entitled to the proceeds. Again, in the case of National Memorial Services, Inc. v. Metropolitan Life Insurance Company, 159 Pa. Superior Ct. 292, affirmed 355 Pa. 155, while it was held that a beneficiary could assign the benefits of the policy after the death of the insured, despite a non-assignability clause in the policy; nevertheless, it was impliedly held that an assignment of the policy before the insured's death would be barred by the nonassignability clause.

Defendant Mariel L. Miller's position is also aided by the cases of Grant v. Faires, Executor, 253 Pa. 232, 237, and Smith, Admrx., v. John Hancock Mutual Life Insurance Company, 150 Pa. Superior Ct. 97, 103, which hold that whatever the earlier law may have been on the subject, payment into court by an insurance company does not affect the rights of the parties contesting the right to benefits under the policy and that such payment merely protects the insurance company.

The foregoing cases reveal that the law in Pennsylvania with respect to the effectiveness of a nonassign-

ability clause in an insurance policy is extremely uncertain. When we turn for aid to the law in other jurisdictions, we find that it is also uncertain but appears to favor the position of defendant, Mariel L. Miller. Thus, C. J. S., "Insurance," §412, states that, as a general rule, the insured may assign a policy which is payable to a third person as beneficiary "unless the assignment is prohibited . . . by provisions in the contract of insurance itself. . . ." Again, in the same section, it is stated that "Generally, a provision in the policy prohibiting an assignment is valid."

A case very much on point with the instant case, which strongly supports the position of Mariel L. Miller, is that of Bimestefer v. Bimestefer, 205 Md. 541, 109 A. 2d 768. In that case, just as in the instant case, there was involved a group insurance policy with a nonassignability clause. The holding of the case with respect to the issue here involved is clearly summarized in headnote 4, (109 A. 2d 769) as follows:

"Rights conferred upon insured by group insurance policy included only those specified in contract of insurance, and where contract of insurance forbade assignment of rights, insured could not give away his right to change his beneficiary."

That case also held that payment of the insurance proceeds into court by the insurance company did not act as a waiver of the rights of the contesting claimants.

On the other hand, there are two New Jersey cases: Metropolitan Life Insurance Company v. Poliakoff, 123 N. J. Eq. 524, (1946) 198 Atl. 852, and Metropolitan Life Insurance v. Woolf, 138 N. J. Eq. 450, 47 A. 2d 340, which tend to support plaintiff's position. These cases hold that a court must determine for whose benefit the nonassignability clause was inserted in the policy. Under the facts of those cases it was

held that the clause was inserted for the benefit of the insurance company and the employer, and, since neither of these parties had claimed the benefit of the nonassignability clause, the clause could not be relied upon by a third party.

The legal issue with which we are here confronted as to the validity of the nonassignability clauses and who can rely upon them, is a very important one and one which appears to be unresolved not only in this Commonwealth but throughout the country in general. For this reason we are reluctant to decide the issue solely on the pleadings which are now before us. It is our conclusion that, before this issue is decided, there should be a full development of all the facts which may prove to be pertinent to a decision of the issue.

For the foregoing reasons, the preliminary objections of defendant, Mariel L. Miller, are hereby dismissed, with leave to file an answer within 20 days.