**AMERICAN NATIONAL INSURANCE COMPANY, Appellant,**

v.

**Joe L. MARSH, Appellee.**

**No. 7134.**

Court of Civil Appeals of Texas, Beaumont.

March 26, 1970.

Rehearing Denied April 16, 1970.

Orgain, Bell & Tucker, Beaumont, for appellant.

Joe H. Tonahill, and Monte Lawlis, Jasper, for appellee.

PARKER, Justice.

This is a suit on a $1,000.00 life insurance policy arising out of the death of the insured, Roscoe E. Marsh, on May 28, 1968. The trial court entered judgment against American National Insurance Company, insurer, on the jury verdict in favor of the beneficiary under the policy, plaintiff, Joe L. Marsh, for the full recovery under the policy, plus penalties and attorney's fees. American National Insurance Company will be designated as American National, as defendant, or as insurer. Joe L. Marsh will be called plaintiff or beneficiary. Roscoe E. Marsh will be called by name or as insured.

The policy was issued April 16, 1967, to Roscoe E. Marsh insuring his life in the sum of $1,000.00. It was in full force and effect on the date of his death May 28, 1968. Joe L. Marsh was named first beneficiary in the above referred to policy. Under Rule 169, plaintiff, Joe L. Marsh, requested admissions of American National Insurance Company. One of the admissions neither admitted nor denied in defendant insurance company's answer dated January 28, 1969, is:

> "14. That no assignment, if any, of the above referred to policy has been recorded at the home office of American National Insurance Company."

As defendant insurance company did not deny request No. 14, it is deemed as admitted that no assignment of the policy was recorded at the home office of American National Insurance Company on January 27, 1969.

The insurance policy provides:

> "13. ASSIGNMENT. Any assignment of this policy shall not be binding upon the Company until recorded at its Home Office. The Home Office assumes no responsibility for the validity or sufficiency of any assignment. Any claim made under an assignment shall be subject to proof of interest and extent thereof."

The foregoing provision is for the protection of the insurer.

Plaintiff filed suit November 29, 1968. On June 16, 1969, the insurance company filed its plea in abatement alleging that the plaintiff, Joe L. Marsh, had assigned all interest he might have in this policy to Rust Funeral Home, for which reason suit should be abated until Rust Funeral Home was made a party-plaintiff. The plea in abatement was overruled.

The assignment is:

"ASSIGNMENT OF PROCEEDS
OF INSURANCE

"For and in consideration of the sum of one Dollar ($1.00) and for the services

rendered by the RUST FUNERAL HOME, of Cisco, Texas, for and in the burial of Roscoe E. Marsh I (we) assign, set over, and transfer to the said Rust Funeral Home, the sum of One thousand Dollars ($1,000) of the proceeds of that certain policy No. M4117367 of the American Nat. Ins. Co. Insurance Company, of Galveston Texas which may be or is due me (us) from the said Insurance Company as beneficiary (beneficiaries) of said policy.

"I (we) hereby instruct, authorize, and direct the said American Nat Insurance Company to pay or cause to be paid to the Rust Funeral Home, of Cisco, Texas, the sum of ($1,000) out of the proceeds which may be due me (us) as beneficiary (beneficiaries) under the aforementioned policy upon presentation and release by the said Rust Funeral Home of this Assignment and a certified receipted funeral expense statement of the burial of the said _____ and the payment of the said sum of _____ Dollars ($_____) by the said _____ Insurance Company, which shall be a release and certificate for the amount so due me (us) of said proceeds.

"Signed:
/s/ JOE L. MARSH
Beneficiary
"Witness:    Address P. O. Box 601,
Jasper, Texas
/s/ A. C. PIERCE         .
(Agent)
605 Wst 18th
Cisco, Texas"

The assignment effectively transferred to Rust Funeral Home all proceeds of the $1,000.00 policy. The funeral home could have sued and may yet sue the insurance company under this assignment. Should the insurance company pay the judgment rendered against it in favor of Joe L. Marsh, then, subsequently, Rust Funeral Home could maintain suit against defendant under the same policy. Possibly, the insurance company would be required to pay double the amount of life insurance. National Life & Accident Ins. Co. v. Lucas Funeral Home, 89 S.W.2d 468 (Fort Worth Civ.App., 1935, writ dism'd). Requested admission No. 14 if taken as true is not an admission that $1,000.00 of the *proceeds* of the policy had not been transferred to Rust Funeral Home.

Defendant offered the assignment in evidence. The trial court refused to admit it. Proper bill of exceptions was made by the defendant. The court erred in refusing to admit the assignment into evidence. The plaintiff alleged and it was his burden to prove that as beneficiary he was entitled to recover under the policy. The assignment established that Rust Funeral Home had an interest in the proceeds of the policy. The insurance company in its points of error contends the trial court erred in overruling its plea of abatement. This point of error is sustained. Texas Rules of Civil Procedure, rules 39(a) and 39(b); East Texas Fire Ins. Co. v. Coffee, 61 Tex. 287 (1884); American Insurance Union v. Allen, 192 S.W. 1087 (Texarkana Civ.App., 1917, no writ); Morales v. Roddy, 250 S.W.2d 225 (Eastland Civ.App., 1952, no writ); Rowland v. Murphy, 65 Tex. 534, 1 S.W. 658 (1886).

The judgment of the trial court is reversed and the cause remanded in order that plaintiff may make Rust Funeral Home a party-plaintiff in this suit, trial being abated until all necessary parties are made parties to the suit in the trial court.

KEITH, J., not sitting.