635 A.2d 639

**HIGH–TECH–ENTERPRISES, INC., Appellant,**

v.

**GENERAL ACCIDENT INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1993.

Filed Dec. 15, 1993.

George A. Gallenthin, Doylestown, for appellant.

Gary A. Nau, Philadelphia, for appellee.

Before ROWLEY, President Judge, and OLSZEWSKI and BECK, JJ.

BECK, Judge:

This is the appeal of High Tech Enterprises, Inc. ("High Tech") from an order sustaining the preliminary objections of appellee General Accident Insurance Company ("General Accident"), and dismissing High Tech's complaint. We affirm.

Appellant High Tech is a corporation engaged in the automobile collision repair business. On January 12, 1992, a vehicle owned by Edward Hayes was involved in an accident which resulted in property damage covered under an automobile insurance policy issued by appellee General Accident. The insurance policy contains the following language:

TRANSFER OF YOUR INTEREST IN THIS POLICY

A. *Your rights and duties under this policy may not be assigned without our written consent.* However, if a named insured shown in the Declarations dies, coverage will be provided for:

1. The surviving spouse if resident in the same household at the time of death. Coverage applies to the spouse as if a named insured shown in the declarations; and

2. The legal representative of the deceased person as *if a named insured shown in the Declarations . . . .*

(Emphasis added). Neither of the exceptions to the non-assignment clause exists in this case.

After his accident, Edward Hayes contracted with High-Tech to make repairs to his automobile. The repairs cost a total of $2,793.45. Mr. Hayes paid a deductible of $568.81. Appellee General Accident paid $1447.91, leaving an unpaid

balance of $776.73. General Accident disputed the reasonableness and necessity of this amount. Appellant High–Tech filed this action against General Accident for fraud on the contract, bad faith (42 Pa.C.S. § 8371 (Purdon 1993)) and violation of the Unfair Trade Practices and Consumer Protection Law (73 Pa.S. §§ 201–1 *et seq.* (Purdon 1993)), for its refusal to tender the unpaid repair cost balance.

High–Tech asserts that Edward Hayes assigned his claims and rights against his insurer to High–Tech when he executed a "Repair Authorization and Power of Attorney," which provides in relevant part:

> ... I also grant to [High Tech] and or it's [sic] representatives irrevocable power of attorney to collect and retain any and all differences required to repair my vehicle

> . . . . .

> Further, for and in consideration of services and materials rendered or to be rendered by [High–Tech], I hereby irrevocably assign to [High–Tech] and/or it's [sic] representatives all of my right, title and interest to collect and retain any and all damages by law against my insurance carrier or any other party to which I may be entitled by reason of damage to my insured motor vehicle, including but not limited to bad faith penalties, if any, attorney's fees, interest and costs of collection. . . .

Mr. Hayes never obtained his insurer's consent to this purported "assignment."

General Accident filed preliminary objections to High–Tech's complaint, asserting that the policy language regarding assignment rendered any purported transfer of interest to High–Tech without General Accident's consent void. Therefore, the real party in interest, the insured Edward Hayes, was not a party to the action. The Honorable Marjorie C. Lawrence sustained the preliminary objections, and dismissed the complaint. This timely appeal followed.

When reviewing the trial court's decision on preliminary objections, we must accept as true all well-pleaded facts in the complaint, as well as all inferences reasonably deducible

therefrom. *Allstate Ins. Co. v. Fioravanti,* 451 Pa. 108, 299 A.2d 585 (1973). Bearing this standard in mind, we find that appellant cannot maintain this action as a matter of law, and we affirm the trial court's decision.

It is clear that General Accident's insured, Edward Hayes, is the true owner of any potential claim for unpaid insurance benefits. The non-assignment language of the insurance policy is clear and unambiguous, and therefore must be applied here. *Stump v. State Farm Mut. Auto. Ins. Co.,* 387 Pa.Super. 310, 564 A.2d 194 (1989); *Vogel v. National Grange Mut. Ins. Co.,* 332 Pa.Super. 384, 481 A.2d 668 (1984). Obviously, the non-assignment clause is designed to protect the insurer from a risk it did not knowingly assume. Without his insurer's written consent, Hayes' alleged assignment of his contractual rights under the policy never became effective; it was in violation of the express language of the insurance contract. *See Christ Gospel Temple v. Liberty Mutual Ins. Co.,* 273 Pa.Super. 302, 417 A.2d 660 (1979). It is obvious that High–Tech, a non-party to the insurance contract, never acquired any right to sue General Accident. If there does exist a claim for the unpaid benefits, it belongs to the insured Edward Hayes.

█ High–Tech argues that, even if Hayes' attempted assignment is invalid, it still should be able to maintain this action because it is in the nature of a subrogation claim, and also because High–Tech is the foreseeable third party beneficiary of the insurance contract between General Accident and Hayes. These arguments are meritless.

█ First, this is not a subrogation action. Subrogation is an equitable doctrine involving the right of legal substitution, and may take place with or without contractual agreement between parties. *Dominski v. Garrett,* 276 Pa.Super. 18, 419 A.2d 73 (1980). The right of subrogation is granted as a means of placing the ultimate burden of a debt upon the one who in good conscience ought to pay it, and is generally applicable when one pays out of his own funds a debt or obligation that is primarily payable from the funds of another.

*Id.; School District of the Borough of Aliquippa v. Maryland Cas. Co.,* 402 Pa.Super. 569, 587 A.2d 765 (1991). It usually applies where one party is required to indemnify another or else face legal liability.

The payor must have acted on compulsion, and it is only in cases where the person paying the debt of another will be liable in the event of a default or is compelled to pay in order to protect his own interests, or by virtue of legal process, that equity substitutes him in the place of the creditor without any agreement to that effect; in other cases the debt is absolutely extinguished.

*Dominski, supra,* 276 Pa.Super. at 26, 419 A.2d at 77 (quoting from *Home Owners' Loan Corp. v. Crouse,* 151 Pa.Super. 259, 262, 30 A.2d 330, 331 (1943)).

■ High–Tech argues that it "stands in the shoes" of Edward Hayes because it was compelled to "perform to public safety standards imposed by contract, statute, rule of law [and] public policy." However, there can be no question that High–Tech—in the business of automobile repairs—was a "volunteer." It was in no way compelled by law to take on a repair job for Edward Hayes, to charge him the amount it did, or to accept less than complete payment from him. The doctrine of subrogation will not be invoked to protect mere volunteers. *Dominski, supra.* Therefore, High–Tech cannot claim a right of subrogation to Edward Hayes' insurance coverage.

■ Finally, High–Tech asserts that it is entitled to maintain this action as the "foreseeable, vested third-party beneficiary to the insurance contract." In making this argument, High–Tech contends that both Edward Hayes and General Accident intended that a collision damage repair business such as High–Tech would be a beneficiary of any insurance proceeds. High–Tech claims that Restatement (Second) of Contracts § 302 supports its position:

§ *302. Intended and Incidental Beneficiaries*

(1) *Unless otherwise agreed between promisor and promisee,* a beneficiary of a promise is an intended beneficiary if

recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1981) (emphasis added). High–Tech argues that this Restatement section, as adopted by our supreme court in *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983), directs that High–Tech is an intended third party beneficiary of the General Accident insurance policy, and therefore can maintain this action.

We need look no further in our analysis of this argument than the first sentence of § 302, as it immediately undermines High–Tech's theory. General Accident and its insured had "otherwise agreed" that no assignment of the insurance policy benefits could be effected without the insurer's written consent, and written consent was not obtained here.[1] There simply was no expressed intention on the part of *both* contracting parties that appellant benefit from their insurance contract.

It does not appear from the record why the insured Edward Hayes did not himself pursue this action against his insurer. Nevertheless, it is clear that under the law he is the only one who had the contractual relationship with General Accident,

---

1. Moreover, the facts presented in *Guy* are easily distinguished from this case. The underlying contract in *Guy* was one between a testator and an attorney who was hired to draft a will including Mrs. Guy as a beneficiary. When the relevant portion of the will was declared void, Guy brought a legal malpractice action against the attorney. There, because the intent to benefit the third party beneficiary was clear—it was expressly included in the will—and also because the promisee (the testator) was unable to enforce the contract, Guy's legal malpractice action was permitted to stand. *Id.*, 501 Pa. at 59, 459 A.2d at 751.

and the only one who could maintain an action arising out of that relationship. High–Tech has no such right.

Order affirmed.