The **INSURANCE ADJUSTMENT BUREAU, INC.,** Appellant

v.

**ALLSTATE INSURANCE COMPANY,** Appellee.

Superior Court of Pennsylvania.

Argued March 24, 2004.

Filed Sept. 30, 2004.

Reargument Denied Dec. 2, 2004.

Charles K. Graber, Philadelphia, for appellant.

Allan D. Goulding, Morrisville, for appellee.

Before: STEVENS, MONTEMURO,* and KELLY, JJ.

KELLY, J.:

¶ 1 In this consolidated appeal, Appellant, Insurance Adjustment Bureau, Inc. ("IAB"), appeals from the order entered in the Philadelphia County Court of Common Pleas, which sustained the preliminary objections in the nature of a demurrer of Appellee Allstate Insurance Company ("Allstate") to IAB's complaint; and the judgment entered in favor of Allstate and against IAB. We are called upon to determine whether an assignee may sue an insurer for a percentage of insurance proceeds after the insured has terminated its relationship with the assignee prior to settlement and whether an assignee may recover from an insurer for conversion where the insurer's initial obligation to pay the assignee arose out of a contract between the insured and the assignee. We hold that IAB did not retain the right to sue Allstate because IAB's services were terminated prior to settlement. Further, we hold that the trial court properly dismissed IAB's conversion claim. Accordingly, we affirm the order sustaining Allstate's preliminary objections in the nature of a demurrer and dismissing IAB's complaint with prejudice; and we affirm the judgment entered in favor of Allstate and against IAB.

¶ 2 The relevant facts and procedural history are as follows. In June, 2002, Blane Stufflet and Mark Gust owned real property in Blandon, Pennsylvania. Allstate insured their property pursuant to a homeowner's policy. On June 5, 2002, a fire damaged the insureds' residence. On June 7, 2002, the insureds enlisted the services of IAB, a public adjuster, to assist in handling the losses from the fire. In accordance with this arrangement, the parties signed a contract, which read in pertinent part:

> The insured agrees to pay [IAB] for such services, a fee of 10% of the amount paid or agreed to be paid by the insurance companies in settlement of the loss, and reasonable expenses, hereby assigning to [IAB] all monies due or to become due from the insurance companies. The fee shall be due after proofs of loss are sworn to and/or first proceeds issued. [IAB] hereby agrees to perform the said services and to receive therefore the consideration described above. This agreement contains the entire agreement between the parties and may not be changed, altered or amended except by a writing signed by all the parties hereto.

> \* \* \* \* \* \*

> You, the insured may cancel this contract at any time prior to midnight of the fourth calendar day after the date of this contract.

(Insureds' Agreement with IAB, dated June 7, 2002). IAB provided timely notice of this agreement to Allstate and worked with Allstate in adjusting the claim. On August 7, 2002, the insureds terminated the services of IAB.

¶ 3 Allstate subsequently issued a settlement check to the insureds for losses sustained as a result of the fire, but did not include IAB's name as a payee on the check. On November 25, 2002, IAB filed a complaint alleging breach of contract, conversion, and breach of assignment against

* Retired Justice assigned to the Superior Court.

Allstate, as IAB had not been paid for its services. Allstate raised preliminary objections in the nature of a demurrer to IAB's complaint. On April 7, 2003, the court sustained Allstate's objections and granted IAB a limited right to amend its complaint to include an allegation that Allstate gave its written consent to assignment of the proceeds. On May 5, 2003, IAB filed a motion for reconsideration of the April 7th order. On May 9, 2003, the trial court vacated the April 7th order and directed Allstate to respond to IAB's motion. On June 20, 2003, the court denied IAB's motion for reconsideration, and reinstated the April 7th order sustaining Allstate's preliminary objections.

¶ 4 On July 2, 2003, IAB filed a notice of appeal. This Court quashed that appeal because the trial court failed to expressly dismiss IAB's complaint. On remand, the trial court issued an order, entered September 11, 2003, indicating the action would be dismissed with prejudice unless IAB amended its complaint within twenty (20) days to include specific averments that Allstate gave its written consent to IAB's assignment. IAB never filed an amended complaint and on October 6, 2003, the court entered judgment in favor of Allstate and against IAB. These consolidated appeals followed.

¶ 5 IAB raises the following issue for our review:

DID THE [TRIAL] COURT ERR IN SUSTAINING [ALLSTATE'S] PRELIMINARY OBJECTIONS AND DISMISSING [IAB'S] COMPLAINT ON THE BASIS THAT AN INSURED'S TERMINATION OF THE SERVICES OF A PUBLIC ADJUSTER, AFTER THE PUBLIC ADJUSTER PERFORMED ITS SERVICES, SERVED, AS A MATTER OF LAW, TO EFFECTIVELY REVOKE AN ASSIGNMENT OF INSURANCE PROCEEDS PRE-VIOUSLY PROVIDED THE PUBLIC ADJUSTER BY THE INSURED, WHICH CONSIDERATION THE PUBLIC ADJUSTER RELIED UPON IN PERFORMING ITS SERVICES?

(IAB's Brief at 4).

¶ 6 This Court has set forth the following principles for reviewing challenges to orders granting preliminary objections. In matters requiring the dismissal of an action based on preliminary objections in the nature of a demurrer, this Court's scope of review is plenary. *Belser v. Rockwood Casualty Ins. Co.,* 791 A.2d 1216, 1219 (Pa.Super.2002) (internal citations omitted). "A reviewing court must decide the merits of the preliminary objections 'solely on the basis of the pleadings' and not on testimony or evidence outside the complaint." *Id.* (quoting *Williams v. Nationwide Mut. Ins. Co.,* 750 A.2d 881, 883 (Pa.Super.2000)).

A preliminary objection in the nature of a demurrer tests the legal sufficiency of the complaint. The standard of review to be used in deciding such preliminary objections is also well-settled:

When reviewing an order granting preliminary objections in the nature of a demurrer, an appellate court applies the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for the purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer.

*Vulcan v. United of Omaha Life Ins. Co.,* 715 A.2d 1169, 1172 (Pa.Super.1998) (internal citations and quotation marks omitted).

██ ¶ 7 IAB argues the insureds assigned their contractual rights against Allstate to IAB through the June 7, 2002 service agreement. IAB contends the insureds' subsequent termination of IAB's services did not constitute an effective revocation of this assignment. IAB maintains an assignment of rights given in exchange for valuable consideration is irrevocable. IAB believes the services it performed for the insured in exchange for the insured's promise to assign ten (10) percent of the policy proceeds to IAB constituted valuable consideration. Thus, IAB concludes it had a continuing right to the insurance proceeds from Allstate even after the insureds terminated IAB's services. We disagree.

██ ¶ 8 An assignee stands in the shoes of the assignor and assumes all of his rights. *See Smith v. Cumberland G., Ltd.*, 455 Pa.Super. 276, 687 A.2d 1167, 1172 (1997). "An assignee of a claim is an agent of the assignor only if the latter retains an interest in, and control over, the claim." Restatement of Agency, 2d. § 14 G. "An agent represents his principal in business dealings and is employed to establish contractual relations between the principal and third persons...." *Dorn v. Stanhope Steel, Inc.*, 368 Pa.Super. 557, 534 A.2d 798, 803 (1987), *appeal denied*, 518 Pa. 656, 544 A.2d 1342 (1988) (citation omitted). Furthermore, "the principal has power to revoke and the agent has power to renounce, although doing so is in viola-

tion of a contract between the parties and although the authority is expressed to be irrevocable...." Restatement of Agency, 2d. § 118(b).

¶ 9 Instantly, IAB references two documents in its complaint to support a breach of contract action against Allstate: (1) the homeowner's insurance policy between the insureds and Allstate, and (2) the June 7th service agreement between IAB and the insureds. On the face of these contracts, IAB and Allstate were not parties to the same agreement. However, IAB's breach of contract claim against Allstate can survive if Allstate was obligated to pay IAB after the insureds terminated IAB's services.[1]

██ ¶ 10 Instantly, the insureds retained control over the insurance policy itself, having assigned a portion (10%) of the benefits to IAB. Further, IAB represented the insureds in contractual relations with third parties while negotiating the settlement between Allstate and the insureds. Thus, the service agreement between IAB and the insureds created a principal-agent relationship in which the principal/assignor retained the power of revocation despite any language in IAB's agreement to the contrary. *See id.*

¶ 11 In *DeBenedictis v. Hagen*, 77 Wash. App. 284, 890 P.2d 529 (1995), the Washington State Appellate Court found an assignment for collection of debts created a principal-agent relationship between the

---

1. As the trial court noted, we recognize the conflict in this jurisdiction regarding the validity of non-assignment clauses after a loss has occurred. *See National Memorial Services, Inc. v. Metropolitan Life Ins. Co.*, 159 Pa.Super. 292, 48 A.2d 143 (1946), *affirmed*, 355 Pa. 155, 49 A.2d 382 (1946) (holding where non-assignment clause is contained in insurance policy, consent to assign insurance policy is not required when assignment occurred after loss). *But see Fran and John's Doylestown Auto Center, Inc. v. Allstate Ins.* Co. 432 Pa.Super. 449, 638 A.2d 1023 (1994) (holding where non-assignment clause is contained in insurance policy, written consent to assign is required although proceeds were assigned after loss); *see also High–Tech–Enterprises, Inc. v. General Accident Ins. Co.*, 430 Pa.Super. 605, 635 A.2d 639 (1993). However, we do not find it necessary to decide this issue as neither the trial court nor IAB relied heavily on this preliminary matter in their analyses.

assignor and assignee. The principal then terminated the agent's services prior to settlement with the debtor. *See* Restatement of Agency, 2d. § 118. This termination permitted the agent/assignee to claim damages against the principal/assignor for breach of contract. More significantly, however, the court noted that this was the assignee's only remaining legal right and dismissed the assignee's claim against the debtor. *See DeBenedictis, supra.*

¶ 12 We recognize *DeBenedictis, supra* is persuasive and analogous to the facts in the instant case. Despite the consideration provided by IAB, the termination of its services prior to settlement would have allowed IAB to sue the insureds for breach of contract. However, IAB no longer retained the right to sue Allstate. Thus, the trial court properly dismissed IAB's breach of contract and breach of assignment claims against Allstate. *See id.*

■ ¶ 13 Next, IAB argues Allstate's failure to pay IAB from the insurance policy proceeds amounted to conversion of funds that IAB had a right to possess. We disagree.

■ ¶ 14 In *Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572 (Pa.Super.2003), *appeal denied*, 578 Pa. 701, 852 A.2d 313 (2004), this Court stated:

> Conversion is a tort by which the defendant deprives the plaintiff of his right to a chattel or interferes with the plaintiff's use or possession of a chattel without plaintiff's consent and without lawful justification. A plaintiff has a cause of action in conversion if he or she had actual or constructive possession of a chattel at the time of the alleged conversion. Money may be the subject of conversion. However the failure to pay a debt is not conversion.

In general, courts are cautious about permitting tort recovery based on contractual breaches. In keeping with this principle, this court has recognized the 'gist of the action' doctrine, which operates to preclude a plaintiff from recasting ordinary breach of contract claims into tort claims.

\* \* \* \* \* \*

> However, a breach of contract may give rise to an actionable tort where the wrong ascribed to the defendant is the gist of the action, the contract being collateral.

\* \* \* \* \* \*

> In other words, a claim should be limited to a contract claim when the parties' obligations are defined by the terms of the contracts, and not by the larger social policies embodied by the law of torts.

*Id.* at 581–82 (citations and quotation marks omitted) (emphasis added). Furthermore, the Federal Court, applying Pennsylvania law, has not allowed conversion claims to be based on a refusal to pay insurance policy proceeds. *See Leonard A. Feinberg, Inc. v. Central Asia Capital Corp. Ltd.*, 974 F.Supp. 822 (E.D.Pa.1997) (stating conversion will not lie where converter borrowed money, collected money to satisfy a debt, refused to return proceeds already paid under insurance contract, or refused to pay proceeds of insurance policy).

¶ 15 In the instant case, the essence of IAB's claim is a breach of contract action. Allstate's initial obligation to pay IAB arose out of the contract created between the insured and IAB and not out of a separate duty in tort. The contract claim is not collateral to the alleged wrongdoing; rather, it lies at the center of IAB's claims. *See Pittsburgh Const. Co., supra.* Moreover, proceeds from an insurance policy

are an improper subject of a conversion claim. *See Leonard A. Feinberg, Inc., supra.*

¶ 16 Based upon the foregoing analysis, we hold that IAB did not retain the right to sue Allstate because IAB's services were terminated prior to settlement. Further, we hold that the trial court properly dismissed IAB's conversion claim against Allstate. Accordingly, we affirm the order sustaining Allstate's preliminary objections in the nature of a demurrer and dismissing IAB's complaint with prejudice; and we affirm the judgment entered in favor of Allstate and against IAB.

¶ 17 Order and judgment affirmed.