638 A.2d 1023

**FRAN AND JOHN'S DOYLESTOWN AUTO CENTER, INC., Appellant,**

**v.**

**ALLSTATE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Jan. 6, 1994.

Filed March 17, 1994.

450

George A. Gallenthin, Doylestown, for appellant.

Steven C. Shahan, Morrisville, for appellee.

Before KELLY, FORD ELLIOTT and BROSKY, JJ.

BROSKY, Judge.

This is an appeal from the Order sustaining a preliminary objection in the nature of a demurrer to appellant's second amended Complaint and dismissing the Complaint with prejudice.

On appeal, appellant queries (1) whether an insured may assign an interest which the insured has in a contract of insurance limited to a specific loss covered under the contract of insurance to a third-party beneficiary (appellant herein) without the consent of the insurer (appellee herein); and (2) whether appellant, as a third-party beneficiary to a contract of insurance between an insured and appellee, may file an action as a real party in interest and specifically for fraudulent misrepresentation. We affirm.

Appellant initiated a cause of action against appellee grounded in fraud, for violation of the Unfair Trade Practices and Consumer Protection Law (73 P.S. §§ 201–1 *et seq.*) and for relief pursuant to 42 Pa.C.S.A. § 8371 for payment of interest because of appellee's alleged bad faith. This cause of action arose from appellant's repair of motor vehicles belonging to appellee's insureds. The vehicles involved had been damaged in automobile accidents. Appellee's adjustor prepared an estimate for each damaged vehicle and issued checks in the amount of the estimates. Appellant, in the process of repairing the damaged vehicles, requested supplemental sums which it claimed was necessary in order to complete the repairs. Appellee's adjustor then prepared new estimates and negotiated with appellant concerning these supplemental amounts. Apparently, appellant was dissatisfied with the negotiated supplemental amounts and filed the instant cause of action against appellee to recover sums representing the differences between the negotiated supplemental amounts to repair each of the motor vehicles and the supplemental amounts which appellant had requested from appellee.

Appellant requested each of appellee's insureds whose motor vehicles were being repaired by it to execute a document which appellant had labelled "Assignment". This document purported to assign to appellant the insureds' claim to payment for repairs from appellee under their respective contracts of insurance with appellee. The language of each "Assignment" is identical except for the name of the insured and the date of the accident and is as follows:

### ASSIGNMENT

I, [name of insured] for good and valuable consideration and intending to be legally bound do hereby assign and convey to Fran and John's Doylestown Auto Center, Inc. [appellant herein] *any and all* claims, rights, actions, and causes of action which I may have against Allstate Insurance Company [appellee herein] in connection with the repair of my vehicle which was damaged in an automobile accident on [date of accident]

[signature of insured]

WITNESS:

_____

(Emphasis supplied).

The "General Provisions" page of the policy issued by appellee and in effect for each of the insureds whose motor vehicles were repaired by appellant contains a "Transfer" clause which reads in pertinent part as follows: "This policy can't be transferred to another person without *our* written consent...." (Emphasis in original). Appellant acknowledges the existence of the transfer clause in each of the applicable policies but maintains that it prohibits only the transfer of the policy, itself, not a right or an interest accruing thereunder.[1] Appellant reasons that the Assignments executed by each of the insureds do not transfer the policies to appellant. Instead, appellant maintains, the assignments transfer to appellant only the insureds' contractual right to payment from appellee for repair work to their damaged vehicles. In other words, appellant attempts to argue that a distinction exists between the assignment of a contractual right to receive payment for repair of damage to a covered automobile and the transfer of the policy, itself.

Our supreme court has said that an assignment is " 'a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly *the transfer of one whole interest* in an estate, chattel, or other thing.' " *In re Purman's Estate*, 358 Pa. 187, 56 A.2d 86 (1948); (emphasis supplied). Black's Law Dictionary similarly defines "Assignment" as "[a] transfer or making over to another of *the whole* of any property.... The transfer by a party of *all* of its rights to some kind of property...." At 61 (5th ed. 1979); (emphasis supplied). *See also National Mutual Aid Society v. Lupold*, 101 Pa. 111 (1882) (upholding validity of clause

---

1. Neither the parties nor the trial court deny that appellee has not consented to the transfer of any of the policies here involved.

prohibiting transfer of certificate of mutual benefit association without latter's consent).

Appellant does not argue that the transfer clause of the policies is ambiguous. Hence, and in that case, a court is required to give effect to the unambiguous language of the insurance policy. *Stump v. State Farm Mutual Automobile Ins. Co.*, 387 Pa.Super. 310, 564 A.2d 194 (1989). Appellant's reasoning that the Assignments in question transfer less than the insureds' entire contractual interest in or right under the policies[2] stands the transfer provision of the policies on its head. We find the language of this provision to be susceptible of no possible meaning other than to prohibit *any* transfer without appellee's consent. We are powerless to place upon the language of the policies in question any construction which conflicts with its plain meaning. *Timbrook v. Foremost Insurance Co.*, 324 Pa.Super. 384, 471 A.2d 891 (1984). In short, we are unpersuaded by appellant's attempt at what amounts to semantical gamesmanship.

Appellant also argues that it is nevertheless the real party in interest here because it is a third-party beneficiary to the contract of insurance between appellee and its insureds.

In *Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983), our supreme court adopted Section 302 of the Restatement (Second) of Contracts as a guide to determine whether a party qualifies as a third-party beneficiary to a contract. Section 302 states:

(1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

---

**2.** In fact, appellant's argument in this regard is defeated by the very terms of the Assignment set forth above. According this document, the insured assigns to appellant *"any and all* claims, rights, actions, and causes of action" which the insured may have against appellee. (Emphasis supplied). Hence, the Assignment operates as a transfer of an insured's entire contractual interest in and all contractual rights under the policy in contravention of the express terms of the policy prohibiting transfer without appellee's consent.

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or

(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

The supreme court then fashioned the following two-part test to determine whether a person qualifies as a third-party beneficiary to a contract:

(1) the recognition of the beneficiary's right must be 'appropriate to effectuate the intention of the parties,' and (2) the performance must 'satisfy an obligation of the promisee to pay money to the beneficiary' or 'the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.' The first part of the test sets forth a standing requirement. For any suit to be brought, the right to performance must be 'appropriate to effectuate the intentions of the parties.' This general condition restricts the application of the second part of the test, which defines the intended beneficiary as either a creditor beneficiary (§ 302(1)(a)) or a donee beneficiary (§ 302(1)(b)).... Section 302(2) defines all beneficiaries who are not intentional beneficiaries as incidental beneficiaries. The standing requirement leaves discretion with the trial court to determine whether recognition of third party beneficiary status would be 'appropriate.' If the two steps of the test are met, the beneficiary is an intended beneficiary 'unless otherwise agreed between promisor and promisee.'

*Guy, supra,* at 459 A.2d at 751.

We need not look any further than to the first part of the *Guy* test to determine "whether recognition of third party beneficiary status would be 'appropriate'" under the facts of this case. *Id.* We conclude that it would be inappropriate to confer the status of third-party beneficiary upon appellant

under the facts at bar. In *Gerace v. Holmes Protection of Philadelphia,* 357 Pa.Super. 467, 516 A.2d 354 (1986), *appeal denied,* 515 Pa. 580, 527 A.2d 541 (1987), we denied third-party beneficiary status to the Essex Ring Corporation. Gerace Jewelry Store had contracted with Holmes for the installation and maintenance of a burglar alarm system at the jewelry store. Essex, through its sales representative, had left with Gerace a case of sample rings which Essex owned. The rings were stolen as a result of a robbery of the jewelry store. Essex and Gerace then instituted suit against Holmes for, *inter alia,* breach of contract. In denying Essex the status of third-party beneficiary, we stated that Essex had no contract with Holmes by which the latter owed the former a legal or contractual duty, nor did Essex possess any right or interest in the contract between Gerace and Holmes. The owner of Essex testified at the hearing on Holmes' Motion for summary judgment that he had no knowledge of the contract between Gerace and Holmes and had no information relating to the operation of the burglar alarm system. This court concluded that Essex was neither a creditor beneficiary under Section 302(a) of the Restatement (Second) of Contracts nor a donee beneficiary under subsection (b) thereof. Therefore, we held that conferring the status of third-party beneficiary to Essex was inappropriate under the circumstances.

In this case, we similarly conclude that it would be inappropriate to confer the status of third-party beneficiary upon appellant because the contract of insurance between appellee and its insureds does not reflect this to be the intention of the parties. Appellee owes no contractual or legal duty of performance to appellant, as the contract of insurance is for the benefit and protection of the insureds, only. *See Fizz v. Kurtz, Dowd & Nuss, Inc.,* 360 Pa.Super. 151, 519 A.2d 1037 (1987) (third party beneficiary must be owed legal duty under by contracting parties; obtaining insurance is for exclusive benefit of insured). This is evidenced by the fact that the transfer provision of the instant policies prohibits transfer to any third party without the consent of appellee, which was not here obtained.

Order affirmed.