686 A.2d 840

**Marjorie MACKAY, Appellant**

v.

**Catherine SAUERLAND, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 10, 1996.

Filed Dec. 24, 1996.

Thomas J. Ruth, Erie, for appellant.

Richard W. Mutzabaugh, Bradford, for appellee.

Before POPOVICH, FORD ELLIOTT and HESTER, JJ.

POPOVICH, Judge.

The plaintiff/appellant, Marjorie Mackay, appeals the order of the Court of Common Pleas of Warren County granting the Motion for Summary Judgment of the defendant/appellee, Catherine Sauerland. We reverse.

Under Pa.R.Civ.P. 1035(b), a motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law.[1]

At bar, the plaintiff filed a complaint after falling on the defendant's porch, which was painted with a product purchased from the co-defendant Jensen Paint Company creating an allegedly dangerous condition when wet from rain or snow. Thereafter, the plaintiff and Jensen Paint Company negotiated a settlement whereby the plaintiff accepted $2,500.00 and signed a "Release Under Uniform Contribution Among Tortfeasors Act" (hereinafter Release No. 1) prepared by Jensen on August 12, 1995; it reads in relevant part:

2. It is expressly understood that this Release is executed pursuant to the provision of the "Uniform Contribution Among Tortfeasors Act," P.L. 1130, Act of July 19, 1951, and that I am not releasing any rights or causes of action against any person or parties other than Jensen Paint Company arising out of the accident above-mentioned....

By document of even date prepared by the plaintiff, a "Release of Claims" (hereinafter Release No. 2) was executed containing the following relevant language; to-wit:

... in consideration of ... $2,500.00 ... Marjorie Mackay ... hereby release[s] and discharge[s] Jensen Paint Company ... and all others who may be liable from all claims, present and future, known or unknown, in any manner arising out of personal injuries suffered by her as a result of her fall ... when she slipped on the [defendant's] porch....

The defendant seized upon the broad language appearing in Release No. 2 to file a Motion for Summary Judgment claiming that it operated to excuse her from any liability to the plaintiff. The court agreed and held that, despite affidavits of the plaintiff and her counsel evidencing no "intent" to remove Sauerland from the suit, case law "dictate[d] ... that the intention of the parties d[id] not matter when the language of [a] release [wa]s clear." Court Opinion at 5.

---

1. With the court's grant of the motion for summary judgment on April 12, 1996, the amended Rules of Civil Procedure (effective July 1, 1996) are not applicable here. See Pa.R.Civ.P. 1035.1–.5.

Albeit the precepts recited by the court are correct, when read in conjunction with the standard of review in assessing the grant of a motion for summary judgment, application of the law to the facts dictates a reversal. To elaborate, we are not presented merely with a *single* document releasing a particular individual from present or future liability arising out of an occurrence (be it a vehicular accident or a breach of contract). This renders the defendant's and court's reliance upon *Wolbach v. Fay,* 488 Pa. 239, 412 A.2d 487 (1980); *Estate of Bodnar,* 472 Pa. 383, 372 A.2d 746 (1977); and *Hasselrode v. Gnagey,* 404 Pa. 549, 172 A.2d 764 (1961), misplaced.

In *Wolbach,* the plaintiff sued for injuries sustained when aiding a motorist (Fay) whose vehicle was struck by a passing motorist (Barber) which injured Wolbach. Before initiating suit, the plaintiff released Barber (upon receipt of $10,000.00) and "any and all persons ..., whether named [t]herein or otherwise, who may be jointly or severally liable in tort for ... damage in any way arising out of ... the ... [accident]." On appeal, with the absence of fraud or mutual mistake shown by clear, precise and convincing evidence, the Supreme Court affirmed the all inclusive effect of the release by sustaining Fay's motion for summary judgment and granted him the insulating effect of plaintiff's release to Barber.

In *Estate of Bodnar,* a release containing the "any and all other persons" language was held to protect the estate from liability to a mortgagee/bank on money advanced to the decedent with the release by the mortgagee of a contractor who performed work for the decedent. The same result obtained in *Hasselrode,* which involved a passenger (Hasselrode) injured in an automobile driven by one Carnegie when it collided with a truck owned by Gnagey. Carnegie received a release from the plaintiff containing the "any and all other persons" phraseology which the Supreme Court ruled entitled Gnagey to buffer himself from any liability to the plaintiff.

The uniqueness of this case, in contrast to those reviewed supra, is that *two* releases were executed by the plaintiff on the same day, the former of which (Release No. 1) contained language restricting the plaintiff's release to Jensen Paint

Company and no other, whereas the latter (Release No. 2) included the discharge of Jensen Paint Company "and all others who may be liable from all claims" arising out of the plaintiff's fall.

For the court below to discount the efficacy of the specifically limiting scope of Release No. 1 is to ignore the law recited in *Wolbach, Estate of Bodnar* and *Hasselrode*, i.e., the language of a release is to control its breadth and not the subjective intentions of the signators to the document. The court did so in observing that Release No. 1 "is just a further indication that the parties did not intend to release anyone other than Jensen Paint Company. The *Wolbach* case dictates to this court that the intention of the parties does not matter where the language of the release is clear." Court Opinion at 5.

The flaw in the court's rationale is multi-faceted: First, in *Wolbach* there was but a single release whose language was clear in exculpating "any and all other persons" from liability whether named in the document. In this context, the "intention" of the plaintiff in assailing the clear meaning of the release was rebuffed by the Court as unjustified absent proof of fraud or mutual mistake.

Second, and most importantly, here we have two releases diametrically opposed in fact as to their scope (one restricting exclusion to Jensen Paint Company and the other with the all inclusive broad language protecting "any and all other persons" from liability). Each document was drafted for the benefit of the plaintiff and Jensen Paint Company, but the language is inconsistent with its breadth. This mirrors the plaintiff's argument that these releases were the product of a "mutual mistake", in that either Jensen Paint Company's Release No. 1 was too restrictive or the plaintiff's Release No. 2 was too broad. In either scenario, we are left with a genuine issue of material fact: which Release (No. 1 or No. 2) is to take precedence?

The plaintiff has submitted affidavits reflecting a release limited to Jensen Paint Company. However, from this equa-

tion we lack the input of Jensen Paint Company, an indispensable party, to allow us insight as to its intentions in drafting Release No. 1.[2]

Unlike *Wolbach, Estate of Bodnar* and *Hasselrode*, we are confronted with simultaneously executed documents expressing an opposite result regarding the scope of releases concerning *the same facts*. In this sense, we have a genuine issue of material fact as to which release is to supersede the other. The record, as it exists, does not afford us the means by which to resolve the issue (absent Jensen Paint Company's input).

Accordingly, with the presence of a genuine issue of material fact in dispute, the court erred in entering summary remanded to rectify the matter in a fashion recounted herein.[3] Once the issue of fact (which release is to take precedence) is resolved, the court will be in a position to decide whether the

**2.** It may be that Jensen Paint Company sought to protect itself from any future suit involving the plaintiff and the defendant/Sauerland, whereby it might be drawn into the affray as an additional defendant or held liable over to the plaintiff on indemnification grounds. Release No. 1's first paragraph contains the "any and all other persons" language which is consistent with such a defense, but such an approach is at odds with and circumscribed by Paragraph 2's limiting "releas[e of] rights and causes of action against any person other than Jensen Paint Company...." See Appellant's Reproduced Record at 63. This necessitates clarification from Jensen Paint Company on remand as to its intentions as the drafter of Release No. 1 and the plaintiff as the signator to the document.

**3.** The "intention" of the parties to a release is not relevant, provided the language contained therein is clear and unambiguous. See *Wolbach*, supra; *Estate of Bodnar*, supra; *Hasselrode*, supra. Such is not the case here, however, with the patent ambiguity created by Release No. 1 (in Paragraphs 1 and 2) and Release No. 2. Thus, inquiry into the "intention" of the parties is appropriate to resolve the scope of the releases.

With the submission of the plaintiff's and her attorney's affidavits revealing an "intention" to restrict the releases to Jensen Paint Company (see Appellant's Reproduced Record at 67 & 68), to complete this picture the "intention" of Jensen Paint Company in drafting Release No. 1 is needed. This will afford the court with all relevant information required to decide the issue of fact as to which release will prevail. Cf. *American Vending Co. v. Brewington*, 289 Pa.Super. 25, 432 A.2d 1032, 1036 (1981) ("Normally, such a determination of credibility is within the prerogative of the trial court even if it is based upon its review of transcripted depositions.").

672

defendant is entitled to relief as a matter of law. Rule 1035(b).

Order reversed; case remanded and jurisdiction relinquished.