Smith v. Allstate Insurance Co.

C.P. of Dauphin County, no. 2218 S 1998.

*James G. Nealon III,* for
*Timothy A. Baker,* for plaintiff.
*Delores Noel,* for defendant.

BEFORE: TURGEON, KLEINFELTER AND LEWIS, *JJ.*

LEWIS, *J.,* March 2, 1999—This case originates from a motor vehicle accident on August 19, 1993 involving an automobile driven by Ingrid Smith, the above-captioned plaintiff. The car was owned by Winters-Boland Inc., employer of plaintiff's husband, who provided the vehicle for purposes relating to his employment. At the time of the accident, plaintiff's husband maintained his personal automobile insurance policy with defendant Allstate. Empire Fire and Marine Insurance Company was the insurance provider for Winters-Boland Inc. As a result of the accident, the automobile was a total loss. Empire paid Winters-Boland for the loss and sought reimbursement from plaintiff and defendant Allstate. Empire was successful in obtaining a monetary settlement from plaintiff as well as an assignment permitting Empire to pursue any and all equity claims plaintiff Smith may have had against Allstate. Pursuant to the assignment, however, plaintiff Smith retained her legal right to pursue a bad faith claim against Allstate. Because Empire's investigation allegedly determined that plaintiff did not have permission to operate the vehicle at the time of the accident, defendant Allstate denied coverage. Plaintiff currently seeks relief from Allstate pursuant to the assignment allowing her to assert a bad faith claim.

A writ of summons was filed on May 22,1998 naming Empire as the plaintiff in the present litigation. However, on July 13, 1998, a complaint was filed captioning Ingrid Smith as the plaintiff. Nevertheless, the body of the complaint proceeds to name Empire as plaintiff and assignee of the claims of Ingrid Smith. Subsequently, the answer was filed on August 25, 1998. On December 8, 1998, defendant filed a motion for summary judgment and a brief in support of that motion. Plaintiff's brief in response was filed on December 31, 1998. Defendant contends that this action is barred by the anti-assignment clause in its policy. In addition, defendant claims this action is barred by the applicable statute of limitations.

## DISCUSSION

The standard of review for summary judgment is that if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, summary judgment shall be granted. *Mackay v. Sauerland,* 454 Pa. Super. 666, 686 A.2d 840 (1996).

Defendant Allstate argues that this action should be dismissed due to policy provisions that specifically prohibit plaintiff's assignment to Empire without Allstate's consent. *Fran & John's Doylestown Auto Center Inc. v. Allstate Insurance Company,* 432 Pa. Super. 449, 638 A.2d 1023 (1994). In that case, an automobile repair shop sued Allstate for fraud. As in the present case, the insured had signed an assignment of its claims against Allstate to the repair shop. The policy provided that "[t]his policy can't be transferred to another person without *our* . . . consent." The court rejected the ar-

gument of the repair shop "that a distinction exists between the assignment of the contractual right to receive payment for repair of damage to a covered automobile and the transfer of the policy itself." *Id.* at 452, 638 A.2d at 1024.

The policy in the present case provides:

"This policy can't be transferred to another person without our written consent. However, if you die, this policy will provide coverage until the end of the policy period for your legal representative while acting as such and persons covered on the date of your death."

It is undisputed that neither Empire nor the plaintiff obtained the consent of defendant Allstate to enter into the settlement or to have plaintiff Smith execute the assignment. Therefore, defendant argues summary judgment should be granted.

On the other hand, plaintiff Smith contends that a plain reading of the operative language contained within the policy's non-transfer provision indicates there is no preclusion for the transfer of an equitable right to recover under the policy. She argues that since her equitable interests were assigned to Empire, she should still be permitted recovery in the exercise of her legal rights. Therefore, since there exists genuine issues of material facts corresponding to her legal interest in pursuing the bad faith cause of action, plaintiff maintains that summary judgment should be denied.

This court finds the case of *Fran & John's* controlling. Because neither Empire nor plaintiff obtained defendant Allstate's consent to enter into a settlement or to execute an assignment, such a claim is barred by the anti-assignment clause contained in the Allstate policy.

In *Fran & John's,* the Superior Court explained:

"Appellant's reasoning that the assignments in question transfer less than the insureds' entire contractual interest in or right under the policies stands the transfer provision of the policies on its head. We find the language of this provision to be susceptible of no possible meaning other than to prohibit *any* transfer without appellee's consent. We are powerless to place upon the language of the policies in question any construction which conflicts with its plain meaning. In short, we are unpersuaded by appellant's attempt at what amounts to semantical gamesmanship." *Fran & John's,* 432 Pa. Super. at 453, 638 A.2d at 1025. (footnote omitted) (citation omitted) (emphasis in original)

Although the anti-assignment clause is silent as to which rights (legal and/or equitable) are prohibited from being assigned, in accordance with *Fran & John's,* this court finds that the plain language of the clause restricts any transfer without Allstate's consent. Therefore, summary judgment is granted.

Defendant also maintains in the alternative that the bad faith claim brought by plaintiff Smith/Empire is time-barred pursuant to 42 Pa.C.S. §5524(7) which makes the case subject to a two-year statute of limitations for torts. Defendant cites the case of *Nelson v. State Farm Mutual Insurance,* 988 F. Supp. 527 (E.D. Pa. 1997). The court in that case focused on the issue by attempting to determine what kind of action falls under the bad faith statute, 42 Pa.C.S. §8371. The court discussed the history of bad faith as a cause of action and concluded that the claim was governed by a two-year statute of limitations as such a claim is more akin to a separate, independent tort. *Nelson,* 988 F. Supp. at 533.

Plaintiff contends that defendant is not entitled to judgment as a matter of law where the bad faith statute, pursuant to 42 Pa.C.S. §8371, does not contain any specific statute of limitations period. See *Doylestown Electric Supply Co. v. Maryland Casualty Insurance Co.,* 842 F. Supp. 1018 (E.D. Pa. 1996). Moreover, plaintiff claims that a bad faith claim is a separate and distinct cause of action, and is not contingent upon the statute of limitations for either contract or tort. Therefore, plaintiff maintains that the six-year catch-all limitations should apply to this case. 42 Pa.C.S. §5527. For example, in *Woody v. State Farm & Casualty Company,* 965 F. Supp. 691 (E.D. Pa. 1997), the court concluded that bad faith, as interpreted under Pennsylvania law, encompasses actions by an insured that sound in both tort and contract. While recognizing that section 8371 does not have specific statute of limitations since the claim could be either a tort or a contract, the court chose to apply the six-year catchall statute of limitations. *Woody,* 965 F. Supp. at 695.

In addition, in the recent case of *Hospital Shared Services v. CIGNA Insurance Co.,* GD 95-2956 (Allegheny County, November 16, 1998), the Honorable Stanton Wettick of the Allegheny County Court of Common Pleas disagreed with the *Nelson* analysis and ruled that since some of the actions prohibited under the Unfair Practices Act sound in tort and others are departures from a standard of care that tort law has traditionally recognized, the six-year catchall statute of limitations should apply.

The law in this area remains unsettled. Federal and common pleas courts have been split as to when the statute of limitations expires for bad faith lawsuits in this Commonwealth. Therefore, this court will reserve judgment on this issue until an appellate court provides

guidance in this matter. Nevertheless, this court need not rule on this question inasmuch as summary judgment was found to be appropriate due to the prohibition of assignment.

Accordingly, we enter the following:

## ORDER

And now March 2, 1999, it is hereby ordered that consistent with the attached opinion, defendant Allstate Insurance Company's motion for summary judgment is hereby granted.