Peggy J. DAVIN, Appellee,

v.

Donald P. DAVIN, Appellee,

And Mary Anne Davin, and Principal Financial Group D/B/A Principal Life Insurance Company, Appellee.

Appeal of: Mary Anne Davin.

Superior Court of Pennsylvania.

Argued Oct. 21, 2003.

Filed Jan. 30, 2004.

Daniel L. Carn, York, for appellant.

Joseph C. Adams, York, for Davin, appellee.

Andrew J. Soven, Philadelphia, for Principal Financial, appellee.

BEFORE: JOHNSON, MONTEMURO * and TAMILIA, JJ.

OPINION BY TAMILIA, J.:

¶ 1 Mary Anne Davin appeals from the January 23, 2003 Order granting appellee/additional defendant, Principal Life Insurance Company's preliminary objections as to her amended cross-claim and as to plaintiff/appellee Peggy J. Davin's petition for special relief.

¶ 2 The factual and procedural history as set forth by the trial court is as follows.

* Retired Justice assigned to Superior Court.

The matter before the Court was initiated in 1986 and arises out of a divorce between Plaintiff, Peggy J. Davin ("Plaintiff") and Defendant Donald P. Davin ("Defendant"). Defendant is the owner of a life insurance policy ("Policy") with Additional Defendant, Principal Life Insurance Company ("Principal"). The Policy has a face value of $115,000.00. Due to certain marital debt owed by the Defendant to Plaintiff, this Court issued an Order dated July 8, 1993, in which it ordered Defendant to list the Plaintiff as the beneficiary under the Policy with Principal. Plaintiff's interest in the Policy pursuant to the marital debt owed at that time was approximately $42,000.00.

The July 8, 1993 Order, [docketed July 9, 1993] which was accompanied by an Opinion, provided in pertinent part the following:

Defendant (Donald Davin) is now awarded the excess coverage on Insurance Policy No. 3150175 provided he, at all times, complies with the following:

1. The terms and conditions of this Order.

2. The terms and conditions of prior Orders of Court.

3. He shall be responsible for, and promptly pay, the premium for the total amount of the insurance policy and the debt portion of the policy.

4. The insurance policy shall list Plaintiff (Peggy Davin) as beneficiary for the amount of debt owed and Defendant may designate his beneficiary for the remainder. Proof of said designations shall be provided to counsel of record.

Should Defendant fail to comply with the above terms and he is found to be in non-compliance, the entire amount of the policy shall then become payable to Plaintiff upon Defendant's demise.

Defendant, through his counsel, shall provide a copy of this Order to the insurance carrier and he shall, at no time, take any steps to have the policy cancelled.

Additionally, the insurance carrier is to advise counsel for both parties that the insurance has been allocated as directed and that Defendant is current on payment of (sic) the premiums.

Order of Court dated July 8, 1993.

In or about October 1993, Defendant David assigned the "remainder" of the Policy's proceeds to Additional Defendant Mary Anne Davin, Defendant's second wife. In October 1995, Defendant Davin modified his October 1993 designation of Mary Anne Davin to reflect that Mary Anne Davin was an "irrevocable beneficiary" with respect to her share of the Policy's proceeds. In July 2001, Defendant Davin stipulated that he was in violation of the Court's 1993 Order.

On December 12, 2001, Plaintiff filed a Petition for Contempt and Special Relief and a Motion to Join Additional Defendants, Mary Anne Davin and principal. On March 13, 2002, an Order was entered by the Honorable John S. Kennedy granting Plaintiff's request to join Additional Defendants, Mary Anne Davin and Principal to the instant action. The Court also found Defendant Davin in contempt of Court.

On April 1, 2002, the Plaintiff filed a Petition for Special Relief. Among other things, Plaintiff's Petition asserts claims against Principal for breach of contract and bad faith pursuant to 42 Pa.C.S.A. § 8371 [**Actions on insurance policies**]. In her Petition, Plaintiff alleges that she contacted Principal to in-

quire as to whether Defendant Davin was timely paying the policy premiums. Plaintiff avers that Principal failed to disclose that Defendant Davin was not making premium payments and that the policy was in fact being paid from the cash value of the policy. In January 2001, the cash value of the policy was depleted. Plaintiff maintains that on or about March 15, 2001, she made payment to Principal in the amount of $2,558.16 to reinstate the policy. In her Petition, Plaintiff requests that the Court award the entire Policy to Plaintiff and make Plaintiff the owner of said Policy.

On April 17, 2002, Additional Defendant Mary Anne Davin filed an Answer and New Matter to Plaintiff's Petition for Special Relief. She also filed a Cross–Claim against Principal pursuant to 42 Pa.C.S.A. § 8371. Ms. Davin asserts that she paid premiums on the Policy from and after January 10, 1995 in the total amount of $10,627.04. Ms. Davin asserts that Principal failed to notify her that Plaintiff had an interest in the Policy pursuant to the 1993 Court Order. She asserts that she detrimentally relied upon her status as a beneficiary in making the quarterly payments. Ms. Davin requests in the alternative that the Court (1) confirm her status as an irrevocable beneficiary under the policy, (2) order Principal to issue a second identical policy on the life of Donald Davin naming Mary Anne Davin as irrevocable beneficiary (3) enter judgment in favor of Mary Anne Davin in the amount of $10,627.04, punitive damages and attorneys fees in the event that Plaintiff is named as beneficiary or (4) award damages in the amount of $10,627.04 based upon quantum meruit.

On May 14, 2002, Principal filed Preliminary Objections to the Plaintiff's Petition for Special Relief and Mary Anne Davin's Cross-claim. Each of the subject Objections were in the nature of a demurrer.

Trial Court Opinion, Blackwell, J., 1/23/03, at 1–4.

¶ 3 As stated above, the trial court entered a January 23, 2003 Order granting Principal's preliminary objections. The Order mandated that the proceeds of the subject life insurance policy be awarded to Peggy Davin upon Donald Davin's death and directed Principal to take appropriate action to ensure the proceeds of the policy become payable to Peggy Davin upon Donald's death. Appellant filed this timely appeal in which she raises the following questions.

1. Whether the court erred in its legal conclusion that Mary Anne Davin is not the irrevocable beneficiary of the life insurance policy.

2. Whether the court erred in its legal conclusion that Mary Anne Davin does not have standing to sue the insurance company for a bad faith claim.

Appellant's brief at 5a.

Our review of an order sustaining preliminary objections is plenary. We will sustain the demurrer only if, assuming the material facts pled in the complaint to be true, plaintiff has failed to assert a legally cognizable cause of action. When considering the grant of preliminary objections in the nature of a demurrer, this Court must resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside the complaint may be considered. Any doubt as to the legal sufficiency of the complaint should be resolved in favor of overruling the demurrer.

*Kane v. State Farm Fire & Casualty Co.*, 2003 PA Super. 502, ¶ 9, 841 A.2d 1038, 2003 WL 22994300, * 2 (2003).

¶ 4 With regard to appellant's first allegation of error, we note the following. The trial court, by its July 8, 1993 Order, (docketed July 9, 1993) required Donald Davin to list Peggy Davin as beneficiary for the amount of the debt he owed her and allowed him to designate a beneficiary for the remainder. Trial Court Order, Blackwell, J., 7/9/93, at 2 (*see* Record # 41). Donald's designation of Mary Anne Davin as irrevocable beneficiary undisputedly violated the terms of that Order,[1] which further stated "should Defendant fail to comply with the above terms and he is found to be in non-compliance, the entire amount of the policy shall then become payable to Plaintiff upon Defendant's demise." Trial Court Order, Blackwell, J., 7/9/93, at 2 (see Record # 41). In the January 23, 2003 Order subject of this appeal, the trial court stated

> Additionally, it is hereby Ordered that the proceeds of the subject life insurance policy, No. 3150175, shall be awarded to Plaintiff Peggy Davin, upon Defendant Davin's death. Additional Defendant, Principal Financial Group is directed to take the appropriate action to ensure that the proceeds of the subject Policy become payable to Plaintiff, Peggy Davin, upon the Defendant's demise.

Trial Court Order, Blackwell, J., 1/23/03, at 2. In so doing, the trial court was effectively enforcing the terms of its July 9, 1993 Order.

¶ 5 "It is axiomatic that a court must have the power to enforce its own orders." *See Lindsey v. Lindsey,* 342 Pa.Super. 72, 492 A.2d 396, 398 (1985). In *Lindsey,* the widow of the insured sought to have declared null and void a change to a life insurance policy naming another as beneficiary, because the insured was enjoined from disposing of any marital property. We concluded that since a court has the power to enforce its own orders, the trial court had authority to void the disposal of any marital property in violation of its injunction. *Id.,* at 398. Likewise, we find the trial court, having the authority to enforce its July 9, 1993 Order, had the authority to declare appellant's attempt to designate Mary Anne Davin as irrevocable beneficiary, in violation of that Order, inoperative. Accordingly, we find the trial court committed no error in ordering that Peggy Davin be awarded the proceeds of Donald's life insurance policy upon his demise.

¶ 6 Appellant next contends the trial court erred in its legal conclusion that she does not have standing to sue the insurance company for a bad faith claim under 42 Pa.C.S.A. § 8371, **Actions on insurance policies.**[2] Appellant alleges she paid more than $10,000 in policy premiums, believing she was the beneficiary and, as the trial court Opinion indicates, Principal sent appellant two letters which confirmed her designation as beneficiary. Trial Court Opinion, 1/23/03, at 13. Appellant alleges Principal was bound to act in

---

1. In fact, Donald Davin stipulated he was in violation of the court's 1993 Order. *See* Trial Court Opinion, Blackwell, J., 1/23/03, at 3.

2. 42 Pa.C.S.A. § 8371, **Actions on Insurance policies**, provides

   In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:

   (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.

   (2) Award punitive damages against the insurer.

   (3) Assess court costs and attorney fees against the insurer.

good faith by disclosing to her, as beneficiary, a court Order requiring Donald Davin to name Peggy Davin as the beneficiary. She complains that even if we find Principal was bound to name Peggy Davin as beneficiary, it acted in bad faith by inducing her, the "ostensible" beneficiary, to make premium payments.

¶ 7 We agree appellant has no standing to pursue a claim against Principal for bad faith. She is not the insured and while it may be true a third party beneficiary of an insurance contract has standing under Section 8371,[3] Mary Anne Davin cannot be a beneficiary of the policy.

¶ 8 In *Guy v. Liederbach* 501 Pa. 47, 459 A.2d 744 (1983), our Supreme Court adopted the Restatement (Second) of Contracts § 302, **Intended and Incidental Beneficiaries**, and concluded,

> There is thus a two part test for determining whether one is an intended third party beneficiary: (1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and (2) the performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Id.*, at 60, 459 A.2d at 751 (internal quotations omitted).

¶ 9 The first part of the above test, which sets forth a standing requirement, *id.*, is not met since recognition of a right in Mary Anne Davin as third party beneficiary is not appropriate to effectuate the intention of the parties. Any intention Donald Davin, the promisee, may have had to give Mary Anne Davin the benefits of the policy is, as we have concluded above,

inoperative as it was in violation of the court's July 9, 1993 Order.

¶ 10 Even assuming all facts in appellant's cross complaint to be true, we agree she has no cause of action against appellees Peggy Davin and Principal.

¶ 11 Order affirmed.

---

**3.** *See, e.g., Fran and John's Doylestown Auto Center, Inc. v. Allstate Ins. Co.,* 432 Pa.Super. 449, 638 A.2d 1023 (1994) and *Strutz v. State Farm Mut. Ins. Co.,* 415 Pa.Super. 371, 609 A.2d 569 (1992).